IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS W. CUNNINGHAM,

    Plaintiff,

v.                                                           No. CV 13-0769 KG/WPL

THE SECOND JUDICIAL DISTRICT
ATTORNEY'S OFFICE FOR THE
STATE OF NEW MEXICO,
ASSISTANT DISTRICT ATTORNEY
AMBER FAYERBERG,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2), 1915A and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The IFP motion will be granted. For reasons set out below, the Court will dismiss Plaintiff's complaint.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of*

1

*Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff was convicted of drug charges in state court. He alleges that DNA and fingerprint evidence were never subjected to testing and that such testing would establish his innocence. At page 5 of the complaint, Plaintiff states, "Plaintiff isn't calling into question any misconduct by the DA or the court decision[,] instead the Plaintiff simply request that he be allow access to the DNA and fingerprints evidence for testing."

No relief is available in this action against Defendant Fayerberg or the District Attorney's office. "The Eleventh Amendment bars suits in federal court against states, and against state officers in their official capacities for money damages. Moreover, the Supreme Court has held that neither states nor state officers sued in their official capacities are 'persons' within the meaning of 42 U.S.C. § 1983." *Florez v. Johnson*, 63 F. App'x 432, 435 (10th Cir. 2003) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). "Thus, the Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies and applies ' "whether the relief sought is legal or equitable." ' The Eleventh Amendment does not, however, bar a suit brought in federal court seeking to prospectively enjoin a state official from violating federal law." *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) (internal citations omitted). Because Plaintiff's complaint does not seek prospective relief from future violations of federal law, his allegations against the named Defendants fail to state claims for relief under § 1983. No opinion is expressed or implied herein

whether the relief that Plaintiff seeks may be available in a habeas corpus proceeding. The Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and an initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, other pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE